RHODE ISLAND HOSPITAL TRUST COMPANY, as Trustee, Respondent, *v.* CLAUDE NEON, INC., Appellant.

Appeal from an order of the Supreme Court at Special Term, entered January 14, 1952, in New York County, which granted a motion by plaintiff for an order (1) dismissing defendant's defenses, counterclaims and setoffs, without leave to amend and (2) striking out portions of the answer.

Order modified to the extent of permitting the defendant to serve an amended pleading with respect to the first affirmative defense, and as so modified affirmed, with $20 costs and disbursements to the respondent. We do not at this time pass upon the legal sufficiency of any such contemplated amendment.

VAN VOORHIS, J. (dissenting in part). Defendant's sixth defense is sufficient in law. It alleges that under the agreement Rhode Island contracted to deliver the notes in suit to a bank or trust company in a " segregated securities account " for the purpose of securing the redemption of its preferred stock, and that Rhode Island surrendered the right to dispose of them unless necessary to meet its insurance obligations, in which case it would first offer them to the preferred stockholders at the agreed values shown. This defense has been stricken for the reason that the preferred stock of Rhode Island was beneficially owned by Pioneer instead of by defendant. That does not overcome the force of this defense. The crux of it is that the agreement to offer defendant's notes to Pioneer before removing them from the segregated securities account, was a condition precedent to the transfer of these notes to the plaintiff. Plaintiff took them subject to that agreement. If the defendant is compelled to pay irrespective of the agreement, it may be subjected to a double liability to Pioneer, which is not a party to this action. Although Pioneer is a subsidiary of defendant, plaintiff cannot override its corporate entity unless defendant also is permitted to do so.

This defense has not been released, inasmuch as the release was executed in accordance with the March 21, 1949, agreement, which contained a proviso that such release shall not extend to obligations created by that agreement. That agreement created the obligation on which the sixth defense is based.

The order appealed from should be modified so as to deny so much of the motion which is to strike the sixth affirmative defense.

Callahan, J. P., Shientag, Heffernan and Bergan, JJ., concur in decision; Van Voorhis, J., dissents in part, in opinion.

Order modified to the extent of permitting the defendant to serve an amended pleading with respect to the first affirmative defense and, as so modified,

affirmed, with $20 costs and disbursements to the respondent. We do not at this time pass upon the legal sufficiency of any such contemplated amendment. Settle order on notice.